UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CITY OF DEQUINCY** | **:** | **CIVIL ACTION NO. 2:22-cv-05822** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **EMPLOYERS MUTUAL CASUALTY CO., ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion for a More Definite Statement filed by defendant Hartford Steam Boiler Inspection and Insurance Company. Doc. 6. Plaintiff, the City of DeQuincy, opposes the motion. Doc. 10. Defendant Hartford has filed its reply, making this motion ripe for resolution. Doc. 11. For the reasons set forth below, the court finds that the motion should be **DENIED.**

### I.
#### BACKGROUND

Plaintiff's original petition alleges that Hurricane Laura damaged plaintiff's insured property on or about August 27, 2020. Doc. 1, att. 1, ¶ 3. It also claims all its immovable property in and/or owned by the city (plaintiff) and the improvements and property situated thereon were collectively insured under two insurance policies, one with defendant Employers Mutual Casualty Company and one with defendant Hartford. *Id.* at ¶ 2. Plaintiff asserts that it made claims under both policies to cover the damages and losses resulting from the hurricane. *Id.* at ¶ 3. Plaintiff claims that after it allegedly provided satisfactory proof of loss, defendants' payments were "grossly insufficient." *Id.* at ¶ 5. Plaintiff asserts claims against defendants for "breach of contract,

specific performance, negligence, statutory penalties, attorneys' fees, punitive damages, and all other compensatory damages related to their conduct." *Id.* at ¶¶ 9.

Plaintiff filed the original petition in the 14th Judicial District Court, Calcasieu Parish, Louisiana [doc. 1, att. 1], and defendant Employers Mutual removed the matter to this court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1, ¶ 4. Defendant Hartford then filed the instant motion [doc. 6], claiming plaintiff's petition is "so vague and ambiguous that it fails to provide [Hartford] appropriate notice of the claims against it thus preventing [Hartford] from preparing a meaningful response." Doc. 6. Plaintiff opposes the motion, claiming it complied with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Doc. 10.

## II.
### LAW AND ANALYSIS

The Federal Rules of Civil Procedure authorize a motion for a more definite statement when "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The court must assess the pleading under the minimum pleading standards under Rule 8 of the Federal Rules of Civil Procedure, which requires, in relevant part, only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); Fed. R. Civ. P. 8(a)(2). Additionally, due to the availability of extensive discovery on a plaintiff's claims, Rule 12(e) motions are disfavored. *Babcock*, 235 F.R.D. at 633. Accordingly, such motions are inappropriate when the pleading meets the standards of Rule 8, the information is already known to the defendant, or the information sought can otherwise be obtained by discovery. *Id.*

Defendant asks that we order plaintiff to provide more detail about "(1) the specific property that was allegedly damaged; (2) the nature and cause of the alleged damage, whether by

wind, flood or other means; (3) which of the two defendant insurance companies are allegedly responsible to pay the City for said property damage; and (4) when the City purportedly provided satisfactory proof of loss for each item of damage, and the form of such proof of loss." Doc. 6, att. 1, p. 1. Plaintiff asserts that its petition adequately alleged such information and that Hartford had sufficient notice as required by Rule 8. Doc. 10, p. 1.

A review of plaintiff's state-court petition confirms that the petition satisfies the Rule 8 minimum pleading standards. The petition sufficiently addresses all four issues raised in the instant motion; specifically, the petition provides (1) the policy numbers for plaintiff's insurance policies with both Hartford and Employers Mutual [doc. 1, att. 1, ¶ 2]; (2) the allegation that Hurricane Laura caused the damage on or about August 27, 2020 [*Id.* at ¶ 3]; (3) a request that Hartford and Employers Mutual provide relief for the unpaid amount of the claims under their respective policies [*Id.* at ¶¶ 9(II), 3 (defining "Claim" to include claims under both policies)]; and (4) the type of evidence submitted as "satisfactory proof of loss" and an assertion that plaintiff fulfilled its obligations under both insurance policies [*Id.* at ¶ 4].

Additionally, plaintiff asserts that its policy with Hartford covers only one location: 928 William Still Road, DeQuincy, Louisiana. Doc. 10, p. 2. Hartford claims this new information shows how vague and ambiguous the original petition is, but Hartford, as the provider of the policy, should already know what its insurance policy covers, including this "new information." Moreover, because plaintiff provided the policy number in the petition and requested that each insurer provide relief for the unpaid amount of the claims plaintiff filed under the listed policies, the petition also provides adequate notice to Hartford that plaintiff is alleging Hartford is responsible for the damages to the single property under the Hartford policy.

We agree with plaintiff that Hartford had adequate notice of the nature and cause of the alleged damage because the petition alleges that Hurricane Laura caused the damages at issue on or about August 27, 2020 [doc. 1, att. 1, ¶ 3]. Doc. 10, p. 2. As to the proof of loss, plaintiff alleges it provided proof in various forms including photographs of the damage and in-person inspections. Doc. 1, att. 1, ¶ 4. The specific dates of production are not necessary in the petition because Hartford, as the alleged recipient, should know when and if it received such information. Furthermore, the specific dates can be obtained in discovery. Because the petition meets Rule 8's standards and the information Hartford seeks is already known to Hartford or can otherwise be obtained by discovery, we find it inappropriate to grant the instant motion.

### III.
#### CONCLUSION

For the reasons stated, the Motion for a More Definite Statement filed by defendant Hartford Steam Boiler Inspection and Insurance Company [Doc. 6] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 22nd day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE